UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-643-S

E.C. (Juvenile) *et al.*                                                               PLAINTIFFS

v.

DR. STEPHEN DAESCHNER *et al.*                                    DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Donna Crawford (hereinafter "Crawford") filed a *pro se* complaint in her own name and on behalf of her minor daughter, E.C. Additionally, Brian Brown, E.C.'s father, is listed as a Plaintiff in the caption and in the parties' section of the complaint. As Defendants, Crawford lists: Dr. Stephen Daeschner; Board of Education; VanHoose; Tiffany Cummins, teacher and cheerleading coach at Shawnee High School; Dr. Hill, Principal of Shawnee High School; Angela Parsons, Ph.D.; Michelle Lepeou; Mr. Birdwhistle; and Mrs. [illegible]. In the parties' section of the complaint, Crawford advises, "The main defendant is Tiffany Cummins . . . She is the cheerleading coach and the teacher for special education. She as a teacher continues to threaten my daughter and harass her. She also sends cheerleaders over to my house to start trouble with me and my daughter."

As grounds for filing this case in federal court, Crawford writes,

> discrimination on national origin and race and harassment at the school. We continue to [illegible] Dr. Parson she had a meeting with all parties, but now she will not return any messages. I called over 10 times for it to be resolved. Dr. Hill she continues to put me on hold or give me the run around.

As her "Summary of Complaint," Crawford alleges,

> I am filing on behalf of my daughter . . . on the grounds of discrimination at Shawnee High School. Perticualy from the cheerleading squad and Tiffany Cummins. Mrs. Cummins had made inappropriate comments to the entire cheerleading squad and had put my daughter in harms way after a trip to Cincinatti Ohio. I have filed two complaints with the school as well as the school board [] Young Center and Vanhoose School Board.

> The Ass. Principal of Shawnee High School Dr. Parson aranged a meeting with all parties in this matter. The Athletic director directly stated that Mrs. Cummins was an excellent fund raiser and booster and coach, and was therefore basically untouchable due to her contributions. After the meeting my daughter [] was kicked off the cheerleading squad, due to "incompedance," even though she carries a 4.0 GPA and is involved in ROTC [and] the flag team with no complaints. She is also a student Abassor.

Crawford reports trying to resolve the matter with the school and Drs. Hill and Parsons to no avail. According to Crawford, "Threats have continued to be made towards myself and my daughter including involvement of CPS on school property."

As relief, Crawford seeks "money relief for emotional [and] punitive damages for harassment and discrimination"; a personal apology from the staff; a meeting with Dr. Daeschner; "Rev. Louis Coleman to meet with Kentucky Alliance Committee all of their staff members"; and that her daughter, E.C., be allowed to continue to participate in ROTC and "if she wants to cheerleading."

2

## II.

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. **Plaintiff Brian Brown**

Brian Brown is listed as a Plaintiff in the caption and in the parties' section of the complaint. He is not, however, mentioned elsewhere in the complaint; he did not sign the complaint, *see* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper . . . shall be signed by the [unrepresented] party."); and no address has been provided for him.[1]

There is simply no indication that Brian Brown intended to be a party to this action. Rather, it appears that Crawford merely listed him as a Plaintiff. The Court will, therefore, dismiss him from this action. Further, to the extent Crawford is attempting to assert any claims on Brown's behalf, those claims must be dismissed without prejudice as Crawford, a nonattorney, is prohibited from bringing suit on behalf of another. *Eagle Assocs. v. Bank of*

---

[1]The Clerk attempted to serve a notice and an order on Brian Brown at Crawford's address, but those papers were returned to the Court by the U.S. Postal Service.

*Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted).

### B. Plaintiff Donna Crawford

While Crawford alleges "discrimination on national origin and race," she fails to provide facts to support these broad allegations. Indeed, she fails even to disclose her race and national origin. The only facts demonstrating any purported wrongdoing directed toward Crawford is when she claims (1) that Defendant Cummins "sends cheerleaders over to my house to start trouble *with me* and my daughter" (emphasis added); and (2) that "Threats have continued to be made *towards myself* and my daughter including involvement of CPA on school property." (emphasis added). These broad and conclusory claims of harassment and threats are wholly lacking in detail and fail to demonstrate any violation of the Constitution or other federal law. The complaint is therefore factually insufficient with respect to any of Crawford's own claims, and those claims must be dismissed.

### C. Plaintiff E.C., a minor

The bulk of the allegations contained in the complaint concern Crawford's daughter, E.C. (*i.e.* broad allegations of harassment by a Shawnee High School teacher and cheerleading coach (Cummins)[2] and unidentified members of the cheerleading squad; broad and conclusory allegations of discrimination on the basis of national origin and race; and the alleged removal of E.C. from the cheerleading squad). Donna Crawford, who is proceeding *pro se*, is attempting to bring these claims on her daughter's behalf. However, just as it is improper for Crawford to represent Brian Brown's claims in this matter, so too is it improper for Crawford to represent her minor daughter's claims.

---

[2] It is unknown whether Cummins is E.C.'s teacher or merely her former cheerleading coach.

5

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d at 970 (a § 1983 action)[3] (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990));[4] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

---

[3]Recently, in *Winkleman v. Parma City Sch. Dist.*, -- U.S. --, 127 S. Ct. 1994 (2007), the U.S. Supreme Court found that parents have "independent, enforceable rights under IDEA [Individuals with Disabilities Education Act]." *Id.* at 2002 ("The parents enjoy enforceable rights at the administrative stage, and it would be inconsistent with the statutory scheme to bar them from continuing to assert these rights in federal court."). "The goals of IDEA include 'ensur[ing] that all children with disabilities have available to them a free appropriate public education' and 'ensur[ing] that the rights of children with disabilities and parents of such children are protected.'" *Id.* at 2000 (quoting 20 U.S.C. §§ 1400(d)(1)(A)-(B) (2000 ed., Supp. IV)). Crawford has not alleged any facts, even liberally construed, which would state a claim under the IDEA, and Crawford has failed to demonstrate that any of the claims asserted on behalf of E.C. are not personal to E.C. As the Supreme Court in *Winkleman* specifically declined to "reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*," *id.* at 2007, controlling case law continues to prohibit Crawford's *pro se* representation of her minor daughter's claims.

[4]In *Cheung*, 906 F.2d at 61, the Second Circuit, in a federal civil rights case, observed:

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

For these reasons, Donna Crawford, a lay person, cannot bring this action on behalf of her minor daughter without legal representation. Therefore, the claims asserted on behalf of E.C. will be dismissed without prejudice. Should Crawford wish to pursue E.C.'s claims, she must obtain counsel.[5]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiffs, *pro se*
     Defendants
4411.005

---

[5]Crawford did not request appointment of counsel in this civil action, and the Court is under no obligation to make such a request *sua sponte*. 28 U.S.C. § 1915(e) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).